This contract case comes before the court, without oral argument, on defendant’s motion for summary judgment. That motion asserts that this is a "breach” claim resolvable by this court, but at the same time says that all the necessary facts are found in the decision of the Armed Services Board of Contract Appeals (in plaintiffs claim "under the contract”) in Appeal of ABC Cleaning Services, Inc., ASBCA No. 21270 (1978), and that plaintiff is now bound by the findings in that Board decision since they were not arbitrary, capricious or unsupported by substantial evidence. From plaintiffs sweeping response to the Government’s motion[1] we are not at all certain that plaintiff also views this as a true "breach” claim, rather than a Wunderlich Act review of the board decision, including its findings. In any event it is clear that plaintiff challenges the board’s factual findings (particularly on the issue of the Government’s alleged bad faith and intentional misrepresentation) which are material to any resolution of this case in this court.[2] Indeed, the Board transcript has been filed in this court and plaintiffs memorandum (in opposition to summary judgment) repeatedly refers to it. In these circumstances, the preferable course is to refer the defendant’s motion to the trial judge for consideration of plaintiffs claim that the Board’s factual findings are not sustainable or do not determine the factual underpinnings of the present suit. See Rules 54(a), 166 (b), (c). The trial judge, if he considers it appropriate, may order further compliance by the parties with Rule 166(b)(2)(3), or *654 otherwise treat this case as falling under the Wunderlich Act and our rules on Wunderlich Act reviews. After the trial judge has decided whether the board’s findings are sustainable and binding, he may decide purely legal issues or direct such further proceedings as he deems appropriate.
IT IS SO ORDERED.

 Plaintiff has not itself moved for summary judgment.

 Defendant’s motion for summary judgment is largely premised on the legal proposition that the Government in effect terminated the contract for convenience and that plaintiff has already received its full termination costs. However, defendant admits that, even if the Government’s action is treated as a termination, damages are not limited to termination costs if the Government is found to have acted in "bad faith.” Defendant also says that the defendant never breached the contract, but that assertion also disregards plaintiffs charges of deceit, misrepresentation, bad faith and malicious intent and animus.