Contracts; requirements; preclusive effect of stipulation; effect of pleading breach where administrative redress is available. — Plaintiff seeks damages for defendant’s alleged *631 breach of a requirements contract for the removal of refuse from a Government installation. Acting pursuant to the discretion vested by the court in its remand order (219 Ct.Cl. 652 (1979)), the trial judge elected to treat the case as a review under Wunderlich Act criteria of the adverse decision of the ASBCA. The actual refuse removed by plaintiff fell short of the yearly quantity estimates set out in the contract. Plaintiff filed a claim under the Disputes Clause of the contract complaining of the shortfall and that another contractor had been ordered to dispose of certain refuse at the installation consisting of part of a rubble pile. The contracting officer denied the claim and plaintiff appealed to the Board, demanding an equitable adjustment. Plaintiff filed suit in this court prior to the Board’s adverse opinion on the appeal. The petition as filed made no reference to the then pending administrative claim, but merely alleged breach of contract due to the Government’s order to another company to remove part of the rubble. On March 5, 1980 Trial Judge C. Murray Bernhardt filed a recommended opinion (reported in full at 27 CCF para. 80,249) finding that plaintiffs claim was redressable under the contract as an equitable adjustment and was so treated by plaintiff prior to this suit. Therefore, by alleging breach of contract in this court before issuance of the Board’s decision, plaintiff failed to exhaust its administrative remedies and was not justified in petitioning the court for breach damages. Moreover, and dispositive of the case, plaintiff had voluntarily stipulated in the course of the Board hearing that if its subsequent -removal of the remainder of the rubble was found to be part of the original contract work plaintiff would have no claim since any shortfall in estimated quantities would have been cured. The Board found that the rubble was removed and paid for pursuant to the terms of the contract and the trial judge agreed. Accordingly, the trial judge held the stipulation to be binding on plaintiff in the present proceeding. On May 16, 1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.